STATE, EX REL. WILLIAM MACFARLAND, v. BOARD OF EDUCATION OF GLOUCESTER CITY.

In controversies arising in Gloucester City under the school law, the appeal is to be made to the county and not to the city superintendent of schools.

On *mandamus.*

Argued at November Term, 1882, before Justices DEPUE and VAN SYCKEL.

For the relator, *M. H. Stratton.*

I. It is admitted that the relator was employed by respondents as teacher for the full school year; that he was dismissed before that time expired; that he appealed to the county superintendent, and that he decided that he had been removed " without good cause."

This is precisely the state of things contemplated by section 46 of the School law, (*Rev., p.* 1078,) and, by virtue of that section, they are " entitled to compensation for the full time for which the contract was made."

The fact that the contract was made with a " Board of Education " makes no difference. The board of education of Gloucester City is composed of the trustees of two school districts, and there is nothing in the act incorporating the board that deprives teachers employed by the board of the right of appeal conferred by this statute.

The statute makes no exception of teachers employed in cities, and under the supervision of city superintendents. Section 28 refers all controversies arising under the School law to the county superintendent in the first instance; and the fact that city superintendents are referred to in the two succeeding sections, would seem to indicate that the legislature intended to make no exception.

MacFarland v. Gloucester City.

II. The county superintendent is obviously the proper officer to decide such appeals.   He is appointed by the state board of education, independent of merely local prejudices, presumably impartial.   In this case the county superintendent certifies to his personal knowledge of the facts involved, and to the fact that he made his decision after a hearing, with notice to respondents.

To put the city superintendent in his place would be, in this case and in all similar cases, to force an appeal from· a board to the creature of the board—from the appointing power to the appointee—removable at will and, if necessary, pending the appeal.

Nothing but the most imperious necessity would justify such a rule.

III. The statement in the proviso of section 20 of the School law, that the city superintendent has the supervision of the schools in his city, furnishes no foundation for any such rule as asked for by the respondents; for—

(1.) A proviso is, in its nature, an exception to the affirmative provisions of the section of the statute to which it is appended.   The section here provides for the salary of the county superintendent, and the meaning of the proviso is that as under the circumstances the children are not counted in determining the salary of the county superintendent, that officer shall be relieved of the burden of the supervision of the schools.   The word " otherwise" shows that this is the proper construction.   If it were not for this proviso the county superintendent would not be so relieved, the non-counting of the children notwithstanding.   The salary of an officer is the result, not the cause of his service.   And the fact that the salary is withheld from the county superintendent and not conferred upon the city superintendent, shows still further that the former officer only was here provided for.

(2.) And if this were not so—if this proviso were construed into a substantive, affirmative grant of power to the city superintendent—it would not support the rule contended for.

County superintendents constitute a class with duties and

privileges fixed by law. City superintendents do not—there are hardly two alike. And in any case the city superintendent under discussion is *sui generis*. His duties are prescribed and pay fixed by the board that employs him.

And under no circumstances, it is submitted, can "supervision of schools" now be construed to include the deciding, on appeal, of the question whether a board acted justly or unjustly, long ago, with reference to teachers now employed in other counties.

For the defendants, *S. H. Grey.*

The opinion of the court was delivered by

VAN SYCKEL, J. The relator was employed as a teacher in Gloucester City under section 7 of the act of 1868, (*Pamph. L., p.* 499,) for one year from September, 1881, at $1000 per annum, payable in ten equal monthly payments.

The relator, for alleged disobedience to the instructions of the city superintendent of schools, was dismissed on the 3d of January, 1882.

The relator appealed to the county superintendent, who reversed the order of dismissal. From this decision no appeal has been taken to the state superintendent; the order of the county superintendent stands unreversed.

The relator asks for a *mandamus* to compel payment of the amount due to him for salary.

The question upon which the case turns is whether the appeal should have been taken to the city or the county superintendent.

The charter of Gloucester City (*Pamph. L.* 1868, *p.* 499,) establishes a board of education for said city. By the seventh section it is enacted, "that the said board of education shall have power, from time to time, to appoint a city superintendent of public schools of said Gloucester City, and such other officers and agents as they may deem necessary for the proper

maintenance of the public schools of said city, prescribe their duties and fix their compensation, which appointment shall continue during the pleasure of the board of education and no longer."

The charter vests in the board of education the power to determine the amount of tax to be raised in said city each year for school purposes, the right to purchase land and erect school buildings thereon, and authority to mortgage the same. The bestowal of these powers shows that it was the purpose of the charter to substitute, in the city, the board of education for the board of trustees elected in school districts under the general law. A board of trustees cannot be elected in said city, otherwise a conflict of authority would arise. The right of the board of education to employ teachers flows from the fact that the duty is cast upon them to act in the stead of trustees, and not from the seventh section of the city charter. Teachers are not included among the officers to be appointed under that section, and if they were, the board would be subject to supervision in the exercise of its power to dismiss them.

The School law provides for the appointment of a state superintendent of public instruction, who shall be the general adviser and assistant of the county superintendents, and for the appointment of a county superintendent in each county. *Rev.*, p. 1072, §§ 9, 19.

Section 20 provides " that in case any city shall have a city superintendent of schools, who is not also the county superintendent, the children belonging to such city shall not be counted in determining the salary of the county superintendent, and the supervision of the schools of said city, which would otherwise belong to the county superintendent, shall devolve upon the city superintendent."

That this does not invest the city superintendent in the stead of the county superintendent with power to hear appeals in controversies arising within the city under the School law, is manifest from section 28.

That section provides that in all controversies arising under

the School law the opinion and advice of the county superintendent shall first be sought, and from him appeal may be made, if necessary, to the state superintendent of public instruction. The appeal is to be made first and in all cases to the county superintendent, and thence to the state superintendent; no exception is made in favor of municipal bodies having a city superintendent.

That no such exception was contemplated by the draftsman of the law appears from the fact that the city superintendent is mentioned in the two sections next following the twenty-eighth, and that in section 46 it is provided, " in case of the dismissal of any teacher before the expiration of any contract entered into between such teacher and trustees, the teacher shall have the right of appeal to the county superintendent, and if the county superintendent shall decide that the removal was made without good cause, said teacher shall be entitled to compensation for the full time for which the contract was made, but it shall be optional with the trustees whether he or she shall or shall not teach for the unexpired term."

The fact, also, that no appeal is provided for from a city superintendent to the state superintendent, furnishes further evidence that it was not intended to change the course of appeal, or to narrow the power of the county superintendent in this respect.

A *mandamus* should issue as prayed for, to enforce payment to the relator for services since January 31st, 1882